

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,886-01

### EX PARTE KENDRICK LAMAR PETTIGREW, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 114-1595-15-A IN THE 114TH DISTRICT COURT
### FROM SMITH COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated - 3rd or more habitual and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

On November 9, 2016, this case was remanded for an affidavit from trial counsel and findings from the trial court as to whether trial counsel gave Applicant incorrect parole advice which induced Applicant to plead guilty. On December 20, 2016, we received a motion to withdraw this application filed by Applicant's appointed habeas counsel.

Before disposing of Applicant's motion, we believe that the record should be developed. The trial court shall order Applicant to file a response and state his reasons for wanting to dismiss his application. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing Applicant's response, the trial court shall determine whether it is credible. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's motion to dismiss.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  January 11, 2017
Do not publish